Ex Parte Hernández, Peticionaria y Apelante.

Apelación procedente de la Corte de Distrito de Arecibo en un procedimiento sobre nombramiento de un tutor especial.

No. 1192.—Resuelto en julio 20, 1915.

Tutela—Nombramiento de Tutor—Tutor Especial—Ratificación de Escritura de Partición de Bienes—Falta de Aprobación—Presunción.—Cuando se solicita el nombramiento de un tutor especial con el solo propósito de que ratifique una escritura de partición de bienes cuya aprobación ha sido denegada, sin que se muestre ni alegue siquiera que con tal ratificación desapa-

recería la causa que motivó la falta de aprobación, existe la presunción de que el juez habría de proceder después de hecha la ratificación, como antes procedió denegando su aprobación a la escritura de partición, y por tanto carece de razón dicho nombramiento.

Los hechos están expresados en la opinión.

Abogado de la peticionaria: *Sr. Manuel Paz Urdaz.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ emitió la opinión del tribunal.

En 24 de julio del año próximo pasado 1914, formuló pretensión ante la Corte de Distrito de Arecibo Antonia Hernández Siberio para que Ramón Casaña Morales, tío carnal por línea paterna de sus menores hijos Federico Amables y Antonia Casaña Hernández fuera nombrado tutor especial de éstos para el solo efecto de que en representación de los mismos ratificara la escritura de partición de bienes quedados al fallecimiento del esposo de la peticionaria Juan Antonio Casaña Morales.

Alega Antonia Hernández Siberio que sus hijos Federico Amables y Antonia Casaña, el primero de 20 años de edad y la segunda de diecisiete, han sido emancipados, el primero por escritura pública de 9 de junio de 1914 inscrita en el registro civil de Camuy, y la segunda mediante matrimonio con Guillermo Pérez Betancourt; que los abuelos paternos y maternos de los menores han fallecido, y que ella no puede representarlos por incompatibilidad de intereses. En apoyo de su pretensión invoca los artículos 303, 307 y 309 del Código Civil enmendados los dos últimos por la ley de 8 de marzo de 1906, en relación con el artículo 264 del mismo Código.

La Corte de Distrito de Arecibo dictó resolución desestimando la petición de tutor especial y esa resolución está sometida a nuestra consideración a virtud de recurso de apelación contra ella interpuesto.

Fúndase la resolución apelada entre otras razones en que la escritura de partición de herencia del finado don Antonio

Casaña, en la que intervino Ramón Casaña Morales como defensor de los menores de que se trata, fué sometida a la aprobación de dicha corte y denegada su aprobación por resolución de 24 de noviembre de 1913, habiéndose desestimado por esta Corte Suprema en 28 de abril de 1914 el recurso de apelación contra ella interpuesto.

No aparece en el récord la expresada escritura de partición de bienes ni la resolución que dictó el Juez de Arecibo denegando su aprobación e ignoramos, por tanto, las razones en que se fundara semejante negativa.

De todos modos, es un hecho aceptado por la parte apelante que el juez denegó su aprobación a la escritura de partición, estando en ésta representados Federico Amables y Antonia Casaña Hernández por su defensor Ramón Casaña Morales.

El nombramiento de tutor especial se solicita con el solo propósito de que ratifique la escritura de partición de bienes cuya aprobación ha sido denegada, sin que se nos muestre ni alegue siquiera que con tal ratificación desaparecería la causa que pudo motivar la anterior falta de aprobación, habiendo por tanto la presunción de que el juez habría de proceder después de hecha la ratificación como antes procedió denegando su aprobación a la escritura de partición.

La resolución apelada se sostiene por el fundamento de que dejamos hecho mérito, sin que sea necesario considerar otros motivos que el juez invoca y si son o no aplicables al caso los textos legales citados por la recurrente.

Es de confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.